

IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
BOND COUNTY, ILLINOIS

SEP 11 2015

CLERK OF THE CIRCUIT COURT
3rd Judicial Circuit, Bond County, IL

CHERYL RAUSCHKOLB individually and on
behalf of all others similarly situated,

                 Plaintiff,

    v.

CHATTEM, INC.,

                 Defendant.

Case No. 2015-L-8

## COMPLAINT

### (Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10, et seq.)

COME NOW, Plaintiff CHERYL RAUSCHKOLB by and through her undersigned attorneys, individually and on behalf of all others similarly situated, complaining of Defendant CHATTEM, INC., to wit:

### NATURE OF ACTION

1.     This case is about Defendant CHATTEM, INC. (hereinafter "Defendant") manufacturing, labeling, marketing, advertising, selling and distributing ACT Restoring Anticavity Fluoride Mouthwash (hereinafter "the Product" or "Product") to purchasers throughout the State of Illinois. In marketing, advertising, and labeling the Product, Defendant made and continues to make uniform false, deceptive, unfair, and/or misleading claims regarding its representation that the Product "Rebuilds Tooth Enamel."



EXHIBIT

A

2.      Defendant's false, unfair and misleading statement, as aforesaid, is likely to deceive reasonable consumers, namely that the Product "Rebuilds Tooth Enamel" when in fact, once tooth enamel is gone, it cannot be rebuilt by mouthwash.

3.      Defendant's "Rebuilds Tooth Enamel" statement prominently displayed on the Product's packaging and/or labeling is unfair, false, and misleading, and likely to deceive a reasonable consumer, such as Plaintiff CHERYL RAUSCHKOLB (hereinafter "Plaintiff") and members of the Class because the Product cannot rebuild tooth enamel due to the inability to regrow lost enamel.

4.      Enamel is the outermost layer that covers the visible crown of the tooth. Enamel helps protect your teeth from daily use such as chewing, biting, crunching and grinding.  Enamel is not living tissue, so the human body cannot rebuild tooth enamel that has been damaged or worn away from dietary acids.

5.      Contrary to Defendant's express or implied representations, rebuilding enamel is impossible by using its mouthwash; however, enamel can be strengthened by repairing weak spots through a process called remineralization.

6.      Defendant's marketing of the Product stating it "Rebuilds Tooth Enamel" is unfair, false, and likely to mislead a reasonable consumer because the only known options by dental professionals to rebuild tooth structure is to either have a tooth bonding or a tooth crown procedure.  Defendant's Product deceptively misleads the reasonable consumer to believe that its Product can be used as an option to rebuild tooth enamel, when it cannot.

7.     Plaintiff brings this action for injunctive relief, restitution, disgorgement and damages against Defendant for false and misleading advertising in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/10, et seq.

8.     Plaintiff further seeks an Order prohibiting Defendant from representing the Product as a mouthwash that "Rebuilds Tooth Enamel" when rebuilding tooth enamel is not possible by using a mouthwash. Defendant should be required to remove the "Rebuilds Tooth Enamel" statement for its acts as a false, deceptive, unfair, and/or misleading representation, which is likely to mislead, and actually does mislead, the reasonable consumer.

## JURISDICTION

9.     Jurisdiction exists, as Illinois state courts are court of general subject matter jurisdiction.

## PARTIES

10.    At all times relevant, Plaintiff was and is a citizen and resident of Illinois, who purchased and used in the State of Illinois the Product within three (3) years prior to the filing of her Complaint.   The Product was purchased in the State of Illinois.  A representative photograph of the Product is attached hereto and incorporated as Exhibit "A".

11.    Defendant is a subsidiary of the French multinational pharmaceutical company Sanofi.  Defendant is incorporated in Tennessee and maintains its principal place of business at 1715 West 38th Street, Chattanooga, Tennessee 37409. Therefore, Defendant is a citizen of the State of Tennessee for diversity of citizenship purposes.

12. Defendant is the owner, manufacturer and distributor of the Product, and is the company that created and/or authorized the false, misleading and deceptive labeling and advertising for the Product and is the company that promoted, marketed, and sold the Product at issue in this State.

13. The labeling and advertising for the Product relied upon by Plaintiff and other reasonable consumers was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Product was designed to encourage consumers to purchase the Product and reasonably mislead the reasonable consumer, i.e., Plaintiff and the Class.

14. Defendant affirmatively misrepresented the uses and benefits of the Product to convince the public to purchase and use the Product, resulting in significant detriment to the consuming public.

15. Defendant and its affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant, and at all relevant times, each acted within the course and scope of that agency and employment.

16. Defendant and its respective agents, servants or employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of false, misleading, unfair, deceptive and fraudulent representations, and that Defendant participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

17.   Whenever reference in this Complaint is made to any act by Defendant or its affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act of transaction on behalf of Defendant while actively engaged in the scope of their duties.

## FACTUAL ALLEGATIONS

18.   That there exists in Illinois a certain statute, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10, et seq., which prohibits unfair and deceptive trade practices in commerce.

19.   Defendant has uniformly represented throughout the Class Period, and continues to represent that the Product "Rebuilds Tooth Enamel" (hereinafter "the Statement") by prominently displaying this language in large letters on the front of the Product's packaging, and in other advertising.  However, contrary to Defendant's representations, the Product cannot rebuild tooth enamel because it is impossible to actually rebuild tooth enamel by using a mouthwash once it is gone.  The sodium fluoride found within the Product is meant to "strengthen" what is left of the existing remaining enamel through a remineralization process, but it cannot rebuild lost enamel back to its original state.

20.   Manufacturers must comply with parallel federal and state laws and regulations governing labeling products.  Among theses are the Federal Food, Drug and Cosmetic Act ("FDCA") and its labeling regulations.

21.    The product is misbranded because it "Rebuilds Tooth Enamel" Statement is false and/or misleading to a reasonable consumer.

22.    The Statement is an unfair business practice, and is false, deceptive, and misleading to a reasonable consumer because the Product cannot rebuild and otherwise regrow enamel to its original state once it is lost.  The Statement misleads the reasonable consumer to believe the Product not only remineralizes and/or strengthens the soft spots of existing tooth enamel, but that it also rebuilds inorganic tooth enamel that has been lost to its original condition.

23.    The Statement is a marketing scheme because the Product cannot actually rebuild enamel that has been lost.

24.    As a result of Defendant's false, deceptive, unfair and/or misleading material Statement and representation regarding the Product that has been relied upon by Plaintiff and members of the Class.

25.    Plaintiff, like members of the Class, purchased the Product relying upon the material misrepresentation and Statement that the Product "Rebuilds Tooth Enamel" at the time of purchase.

26.    Defendant induced Plaintiff and members of the Class to purchase the Product, rather than other comparable products, and paid a premium price for a product that allegedly "Rebuilds Tooth Enamel" compared to similar mouthwash brands that do not claim to "Rebuild" tooth enamel.

27.    Reasonable consumers, including Plaintiff and members of the Class, do rely upon companies such as Defendant to truthfully label their products, and Defendant intended for Plaintiff and members of the Class to rely upon its Statement.

28.     Plaintiff and members of the Class have been economically damaged by their purchase of the Product because it is worth less than what Plaintiff paid for and/or that Plaintiff did not receive what he intended to receive.

29.     Plaintiff further seeks an Order prohibiting Defendant from representing that the Product can "Rebuilt Tooth Enamel."

## CLASS ACTION ALLEGATIONS

30.     This action is brought pursuant to Illinois Code of Civil Procedure, and satisfies the prerequisites set forth therein.

A.     Class Definition

31.     Plaintiff brings this action individually and on behalf of the following class (the "Class"):

> All citizens and residents of the State of Illinois that purchased Defendant's Product within three (3) years of the filing of this action until final judgment, wherein its was represented that the Product "Rebuilds Tooth Enamel.".[1]

B.     Numerosity

32.     Given that the class members are believed to number in at least a thousand, and are so numerous that joinder of them in a single action is impracticable given the impracticability of managing a thousand individual cases, which would risk inconsistent adjudications.

C.     Common Questions of Law and Fact

33.     There are questions of law and fact that are common to all class members, including *inter alia*:

(a)     Whether Defendant engaged in unfair methods of

---

[1]     Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proof at trial.

competition; unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its labeling and advertising of the Product;

(b)    Whether Defendant materially misrepresented that the Product can "Rebuilt Tooth Enamel";

(c)    Whether the Product can "Rebuild Tooth Enamel";

(d)    Whether Defendant knew that the Product cannot "Rebuild Tooth Enamel";

(e)    Whether Plaintiff and Class Members are entitled to injunctive relief enjoining Defendant from continuing to make the Statement that the Product can "Rebuild Tooth Enamel";

(f)    Whether Defendant should be make to engage in a corrective advertising campaign advising consumers that the Product cannot "Rebuild Tooth Enamel"; and

(g)    Whether Plaintiff and Class Members have been economically harmed and the proper measure of relief.

D.    Adequacy of Representation

34.    Plaintiff's counsel can and will fairly and adequately represent and protect the interests of the Class for the reasons enumerated herein, including but not limited to being approved adequate class counsel on dozens of class actions, including a class action on behalf of 80,000 retirees and in excess of $60,000,000 at issue, as well as Plaintiff being knowledgeable on her duties and responsibilities as class representative.

35.    The claims of Plaintiff are substantially similar, if not identical to, those of absent Class members, in that the Statement at issue, which is materially false, would be uniform as to all class members that purchased a Product labeled similar to Exhibit "A", resulting in a predominance of the questions of law as to the class as a whole as compared to an individual members.

36.    There are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, namely each class member would be deceived, if at all (as determined by this Court), based upon the Statement and misrepresentation of "Rebuilding Tooth Enamel" on Exhibit "A", such that by prevailing on her own claims, Plaintiff will necessarily establish Defendant's liability as to all Class members; said questions of law are previously set forth.

37.    Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries given the amounts of likely less than $50 for many class members.

38.    Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, including sending notice to the class.

39.    Plaintiff and Class counsel are aware of their fiduciary responsibilities to Class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

E.    Appropriateness

40.    A class action is the appropriate method to resolve this matter compared to any other available method for the fair and efficient adjudication of this controversy, given that:

    (a)    Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    (b)    The size of each class member's relatively small claim is too insignificant to make individual litigation an economically viable

alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)    Few class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d)    Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members;

(e)    Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable ther class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f)    No unusual difficulties are likely to be encountered in the management of ther class action insofar as Defendant's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

41.    The sale of the Product to Plaintiff, as alleged herein, is a consumer transaction for personal, family or household purposes, including for daily hygiene purposes, that occurred in trade and commerce, namely sale at Illinois retailers, as aforesaid.

42.    Had Plaintiff and Class Members known the Product's statement was false, they would not have purchased the Product.

WHEREFORE, for the foregoing reasons, Plaintiff CHERYL RAUSCHKOLB, individually and on behalf of all others similarly situated, requests that this court (1) certify the foregoing Plaintiff Class, (2) appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel, (3) award Plaintiff, and the foregoing Plaintiff Class

actual and other appropriate damages in an amount in excess of $50,000.00, (4) award

Plaintiff's counsel an appropriate attorneys' fee, and (5) such other, further, and different

relief as is appropriate under the circumstances, and as allowed by law, against

Defendant CHATTEM, INC.

DATED:  September 8, 2015

Respectfully submitted,
CHERYL RAUSCHKOLB,
Class Plaintiff,

By:
One of Her Attorneys
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, Illinois  62095
Telephone:  618.216.5291
Facsimile:  618.551.0421



FILED

IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT SEP 11 2015
BOND COUNTY, ILLINOIS

CHERYL RAUSCHKOLB individually and on
behalf of all others similarly situated,

CLERK OF THE CIRCUIT COURT
3rd Judicial Circuit, Bond County, IL

                Plaintiff,        Case No. 2015-L-8

    v.

CHATTEM, INC.,

                Defendant.

## MOTION FOR CLASS CERTIFICATION

COMES NOW, Plaintiff CHERYL RAUSCHKOLB, individually and on behalf of all others similarly situated, by and through her attorneys, and hereby moves this Court for an order certifying this action as a class action, appointing CHERYL RAUSCHKOLB as class representative, and Maag Law Firm, LLC as class counsel. In support thereof:

## INTRODUCTION

This case is about Defendant CHATTEM, INC. (hereinafter "Defendant") manufacturing, labeling, marketing, advertising, selling and distributing ACT Restoring Anticavity Fluoride Mouthwash (hereinafter "the Product" or "Product") to purchasers throughout the State of Illinois.  In marketing, advertising, and labeling the Product, Defendant made and continues to make uniform false, deceptive, unfair, and/or misleading claims regarding its representation that the Product "Rebuilds Tooth Enamel." CHERYL RAUSCHKOLB moves to certify the following class and herself as class representative, and Maag Law Firm, LLC as class counsel:

    All citizens and residents of the State of Illinois that purchased
    Defendant's Product within three (3) years of the filing of this action until

final judgment, wherein its was represented that the Product "Rebuilds Tooth Enamel.".

Excluded from the Class are members of the judiciary, Defendant, and any entity in which they have a controlling interest, including officers and directors and the members of its immediate corporate family and Plaintiff's counsel.[1]

## FACTS AND ARGUMENT

In Illinois, class certification is governed by statute, which provides generally:

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

1.    The class is so numerous that joinder of all members is impracticable.

2.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

3.    The representative parties will fairly and adequately protect the interests of the class.

4.   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

Decisions regarding class certification are within the sound discretion of the trial court, and should be overturned only where the court clearly abused its discretion or applied impermissible legal criteria.

A.    <u>Numerosity</u>

---

[1]    Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proof at trial.

Touching upon the numerosity element, the plaintiff must show that joinder of all members is impracticable, but it is not required to show that joinder is impossible. The impracticability of a joinder must be determined in the context of the particular litigation, because there is no magic number that clearly defines numerosity. 1 Newberg on Class Actions §3:3, at 225. Some evidence of the number of class members must be shown, but the exact size is not required, and a good-faith estimate is sufficient when the number of class members is readily ascertainable. In this case, the Complaint alleges violations in at least a thousand similar frauds.

B.    Common Questions of Law and Fact

"Commonality" requires that there be questions of fact or law common to the class that predominate over other questions affecting only individual class members. A single issue common to all members of the class will satisfy the requirement if it predominates. 1 Newberg on Class Actions §3:10, at 273-74; 5 Newberg on Class Actions §17:10, at 321. Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members and if it is based on the same legal theory. 1 Newberg on Class Actions §3:15, at 335-56. In order to satisfy the commonality requirement of section 2-801, it must be shown that successful adjudication of the purported class representatives' individual claims will establish a right of recovery in other class members..

There are questions of law and fact that are common to all class members, including *inter alia*:

(a)    Whether Defendant engaged in unfair methods of

competition; unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its labeling and advertising of the Product;

(b)     Whether Defendant materially misrepresented that the Product can "Rebuilt Tooth Enamel";

(c)     Whether the Product can "Rebuild Tooth Enamel";

(d)     Whether Defendant knew that the Product cannot "Rebuild Tooth Enamel";

(e)     Whether Plaintiff and Class Members are entitled to injunctive relief enjoining Defendant from continuing to make the Statement that the Product can "Rebuild Tooth Enamel";

(f)     Whether Defendant should be make to engage in a corrective advertising campaign advising consumers that the Product cannot "Rebuild Tooth Enamel"; and

(g)     Whether Plaintiff and Class Members have been economically harmed and the proper measure of relief.

As alleged, a uniform false statement would, within the parameters of the class definition, uniformly address deceptions, by virtue of the application of the common Product packaging.

### C. Adequacy of Representation

The test applied to determine adequacy of representation is whether the interests of those who are parties are the same as those who are not joined and whether the litigating parties fairly represent those not joined.  The attorney for the representative party must be qualified, experienced and generally able to conduct the proposed litigation. Additionally, plaintiff's interest must not appear collusive.

In this case, CHERYL RAUSCHKOLB can and will fairly and adequately represent and protect the interests of the Class for the reasons enumerated herein. First, the claims of CHERYL RAUSCHKOLB are substantially similar, if not identical to,

those of absent Class members.  Second, there are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, such that by prevailing on their own claims, CHERYL RAUSCHKOLB will necessarily establish Defendants' liability as to all Class members.  In addition, without the Class representation provided by CHERYL RAUSCHKOLB, virtually no Class members will receive legal representation or redress for their injuries.

CHERYL RAUSCHKOLB and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and CHERYL RAUSCHKOLB and Class counsel are aware of their fiduciary responsibilities to Class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

E.   Appropriateness

To satisfy the "appropriate method" requirement, the plaintiff must demonstrate that the class action (1) can best secure the economies of time, effort, and expense and promote a uniformity of decision or (2) can accomplish the other ends of equity and justice that class actions seek to obtain.  Class actions based on consumer protection statutes are often the last barricade to protecting consumers. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus, furthering the ends of equity and justice are attained. Id. Litigating individual lawsuits when there are numerous class members and the existence of common questions of law and fact, would be a waste of judicial resources, whereas the class action device will serve the economies of time, effort, expense, and prevent possible inconsistent results.  Those same considerations apply in this case, as CHERYL RAUSCHKOLB, for example, has

only been wronged, at least in terms of charges, in an amount less than $750.00. Collectively, given the number of similarly situated customers, discussed *supra*, Defendant has wronged consumers in the thousands of dollars. The class action device is an effective tool to efficiently seek a recovery for others, such as CHERYL RAUSCHKOLB.

A class action is the appropriate method to resolve this matter compared to any other available method for the fair and efficient adjudication of this controversy, given that:

1. Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a classwide instead of a repetitive individual basis;

2. The size of each Class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

3. Few Class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

4. Class treatment is required for optimal deterrence and compensation and for limiting the court awarded reasonable legal expenses incurred by Class members;

5. Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost effective basis, especially when compared with repetitive individual litigations; and

6. No unusual difficulties are likely to be encountered in the management of this class action insofar as Defendant's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and those other reasons that CHERYL RAUSCHKOLB may make of record, she moves this Honorable Court for an order certifying this action as a class action, appointing herself as class representative, and Maag Law Firm, LLC as class counsel, directing that the parties submit a proposal for class notice and to set this matter for trial, plus such other further and different relief as is allowed by law or equity.

DATED:  September 8, 2015

Respectfully submitted,
CHERYL RAUSCHKOLB,
Class Plaintiff

By:
One of Her Attorneys
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, Illinois 62095
Telephone:  618.216.5291
Facsimile: 618.551.0421