IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERYL RAUSCHKOLB, individually
and on behalf of all others similarly
situated,

    Plaintiff

vs.                                                      Case No. 15-cv-1176-DRH-DGW

CHATTEM, INC.,

    Defendant.

**ORDER**

**HERNDON, District Judge.**

## I.    INTRODUCTION

This matter is before the Court on the motion for remand to state court brought by plaintiff (Doc. 6). For the following reasons, the motion is **DENIED**.

## II.    BACKGROUND

On September 11, 2015, Plaintiff Cheryl Rauschkolb commenced a putative class action in the Circuit Court of the Third Judicial Circuit, Bond County, Illinois entitled *Cheryl Rauschkolb individually and on behalf of all others similarly situated v. Chattem, Inc.*, Case No. 2015-L-8. Plaintiff purports to represent a class that includes "[a]ll citizens and residents of the State of Illinois that purchased Defendant's Product [ACT® Restoring™ Anticavity Fluoride

Mouthwash] within three (3) years of the filing of this action until final judgment, wherein its [sic]. was represented that the Product 'Rebuilds Tooth Enamel'." (Doc. 1-1 ¶ 31.) Plaintiff alleges "that the class members are believed to number in at least a thousand." (Doc. 1-1 ¶ 32.)

The putative class action arises out of the plaintiff's purchase of a bottle of ACT Restoring mouthwash, which is manufactured by Chattem Inc. ("Chattem"). The packaging states the mouthwash "rebuilds tooth enamel." (Doc. 1-1 ¶ 3). However, the plaintiff alleges it is impossible for the human body to rebuild tooth enamel (Doc. 101 ¶ 4). Plaintiff states the product cannot rebuild tooth enamel and only strengthens tooth enamel through a process known as remineralization (Doc. 1-1 ¶¶ 3-5). Accordingly, the plaintiff contends the product's labeling is unfair, false, misleading, and likely to deceive a reasonable consumer (Doc. 1-1 ¶¶ 2-6).

Plaintiff seeks damages under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10, *et seq.* In her Prayer for Relief, plaintiff states as follows: "(3) Award Plaintiff, and the foregoing Plaintiff Class actual and other appropriate damages in an amount in excess of $50,000.00, (4) award Plaintiff's counsel an appropriate attorneys' fee, and (5) such other, further, and different relief as is appropriate under the circumstances, and as allowed by law, against Defendant." (Doc. 1-1 Prayer for Relief).

Chattem removed this case to federal court under the Class Action Fairness Act of 2005 ("CAFA"). On October 23, 2015, the plaintiff filed a motion to remand (Doc. 6). The plaintiff argues jurisdiction is lacking because the amount in controversy does not meet the statutory threshold of $5 million. The plaintiff alleges that each putative class member's actual damages are the retail price of a bottle of mouthwash (which plaintiff contends is $5.00). Accordingly, the plaintiff contends, the amount in controversy is less than the requisite $5,000,000.

Chattem notes that the complaint alleges "damages in an amount in excess of $50,000.00" for a class of "at least a thousand." (Doc. 1-1 ¶ 32 and Prayer for Relief). Accordingly, Chattem argues, the amount at issue for each class member is approximately $50.00. Chattem states it is probable that it sold 100,000 bottles of mouthwash in Illinois for the three years of the class period. According to Chattem, using "the Complaint's damages calculus of approximately $50 per product, and multiplying that amount by the unit sales of the product in Illinois for the time period at issue, the alleged damages exceed $5 million." (Doc. 1 p. 4). Chattem further notes that (1) punitive damages are available under ICFA and must be considered in the Court's jurisdictional analysis and (2) the plaintiff seeks prospective relief which must be considered in the Court's jurisdictional analysis. Chattem assserts that the actual damages sought by the plaintiff in conjunction with punitive damages and the requested prospective relief establish that the jurisdictional requirement is met.

### III. APPLICABLE AUTHORITY

Under CAFA, federal courts have jurisdiction in diversity over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006).

The removing party bears the burden of describing how the controversy exceeds the minimum amount required. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S.Ct. 547, 553-554 (2014). However, if the plaintiff contests the defendant's allegation, the proponent must prove those jurisdictional facts by a preponderance of the evidence. *See Id; Bloomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011).

In this regard, "the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands ... [t]he demonstration concerns what the plaintiff is claiming (and thus

the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Brill*, 427 F.3d at 449 (emphasis in original). All that is required is a good-faith estimate. *Bloomberg v. Service Corp. Intern.,* 639 F.3d 761, 763 (7th Cir. 2011). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id*.

Once the removing party meets the above requirements, the court has jurisdiction unless the plaintiff can demonstrate those damages are legally impossible. *Johnson v. Pushpin Holdings, LLC,* 748 F.3d 769, 772 (7th Cir. 2014); *ABM Sec. Servs. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

A plaintiff does not automatically defeat a court's jurisdiction under CAFA by alleging the amount in controversy is below the jurisdictional requirement. *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014). When assessing the amount in controversy, Courts must consider both punitive damages and the cost of prospective relief. *See Keeling v. Esurance Ins. Co.,* 660 F.3d 273, 274-75 (7th Cir. 2011). Punitive damages, if available, must be considered even if not alleged in the complaint. *See Id.*

## IV. DISCUSSION

The plaintiff alleges that "members of the Class have been economically damaged by their purchase of the Product because it is worth less than what Plaintiff paid for and/or that Plaintiff did not receive what he intended to receive." (Doc. 1-1 ¶ 28). The plaintiff seeks an award for "actual and other appropriate damages in an amount in excess of $50,000.00" for a class of "at least a thousand." (Doc. 1-1 ¶ 32 and Prayer for Relief). According to Chattem, this indicates that the amount in issue for each class member is approximately $50. Chattem states that it sold at least 100,000 bottles of ACT Restoring in Illinois for the three years of the class period. Thus, according to Chattem, "using the Complaint's damages calculus of approximately $50 per product, and multiplying that amount by the unit sales of the product in Illinois for the time period at issue, the alleged damages exceed $5 million." (Doc. 1 p. 4).

The Court rejects the contention that actual damages should be calculated at a rate of $50.00 per bottle of ACT Restoring. First, Chattem states that the complaint alleges "damages in an amount in excess of $50,000.00" for a class of "at least a thousand." However, the Prayer for relief seeks "actual *and other appropriate damages* in an amount in excess of $50,000.00" (emphasis added). Thus, the prayer for relief is not solely related to actual damages. Second, the complaint also alleges that "virtually no Class members will receive legal representation or redress for their injuries given the amounts of likely less than

$50 for many class members." Thus, the complaint does not support the damages calculus proposed by Chattem.

Although the Court rejects the above damages calculus, it finds that Chattem has met its burden of plausibly demonstrating how the stakes in the instant case exceed $5 million. The record indicates that the purchase price for a bottle of ACT Restoring is anywhere between $4.12 per bottle and $5.69 per bottle.[1] The plaintiff suggests the Court should use a purchase price of $5.00 per bottle. Using the plaintiff's suggested price per bottle and Chattem's estimated units sold, actual damages are approximately $500,000.

This is clearly less than the requisite jurisdictional amount. However, the Court must also consider the cost of prospective relief and/or punitive damages. The plaintiff seeks prospective relief that could include, among other things, a corrective advertising campaign, a label change, and removing products from the shelf. The cost of the possible prospective relief would be significant. Additionally, punitive damages are available under ICFA. The Seventh Circuit has indicated a 5:1 ratio of punitive damages to compensatory damages is legally possible under ICFA (and possibly as high as 9:1). *See Keeling v. Esurance Ins. Co.,* 660 F.3d 273 (7th Cir. 2011), Accordingly, considering the actual damages in issue, the

---

[1] Plaintiff cites to *Foster v. Chattem, Inc,* Case No. 6:14-cv-346-Orl-37GJK) in the Middle District of Florida. This case involved the same product and the plaintiff alleged a price of $4.12 per bottle. Plaintiff also contends that the current price at Target is $5.69 for the first bottle and $2.84 for the second bottle, for an average price of $4.26 per bottle if two bottles are purchased. For the reasons stated in Chattem's briefing, the Court rejects the contention that the Florida District Court's inquiry into jurisdiction somehow determines the Court's jurisdictional inquiry in this action.

cost of prospective relief, and the potential punitive damages, the Court finds that amount in controversy requirement is met. *See Id.*

As such, the Court **DENIES** the motion to remand to state court.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. 6) is **DENIED**. The stay with regard to briefing on the pending motion to dismiss (Doc. 7) is lifted. The Court **DIRECTS** the plaintiff to file a response to the pending motion to dismiss on or before March 4, 2016.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.03 12:50:38 -06'00'

**United States District Court**